IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| In re: | ) | No. 10-23040 |
| | ) | |
| JAMES P. LEFLORE and | ) | Chapter 7 |
| LATOYA T. LEFLORE, | ) | |
| | ) | Honorable A. Benjamin Goldgar |
| Debtors. | ) | |
| | ) | Hearing Date: December 16, 2013 |
| | ) | Hearing Time: 10:00 a.m. |
| | ) | Room No.: 642 |

**COVER SHEET FOR FIRST AND FINAL APPLICATION OF
FRANKGECKER LLP FOR ALLOWANCE OF COMPENSATION AND EXPENSES**

Name of Applicant: FrankGecker, LLP

Authorized to Provide
Professional Services to: Frances Gecker, Chapter 7 Trustee of the Estate of
JAMES P. LEFLORE and LATOYA T. LEFLORE

Period for Which
Compensation is Sought: July 27, 2010 through October 31, 2013

Amount of Fees Sought: $ 3,968.50

Amount of Expense
Reimbursement Sought: $ 53.94

This is a: First and Final Application

The aggregate amount of fees and expenses *paid* to the Applicant to date for services rendered and expenses incurred herein is: $0.00.

{LEFLORE/001/00036373.DOC/}

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| In re: | ) | No. 10-23040 |
| | ) | |
| JAMES P. LEFLORE and | ) | Chapter 7 |
| LATOYA T. LEFLORE, | ) | |
| | ) | Honorable A. Benjamin Goldgar |
| Debtors. | ) | |
| | ) | Hearing Date: December 16, 2013 |
| | ) | Hearing Time: 10:00 a.m. |
| | ) | Room No.: 642 |

## NOTICE OF HEARING

PLEASE TAKE NOTICE THAT on **December 16, 2013**, at **10:00 a.m.**, we shall appear before the Honorable A. Benjamin Goldgar, or such other judge as may be sitting in his stead, in Courtroom 642 at the Dirksen Federal Building, 219 South Dearborn Street, Chicago, Illinois 60604, and present the attached **First and Final Application of FrankGecker LLP as Counsel to Frances Gecker, Chapter 7 Trustee of the Bankruptcy Estate of James P. LeFlore and Latoya T. LeFlore, for Compensation and Reimbursement of Expenses.**

Dated: November 13, 2013

                                                      Respectfully submitted,

                                                      FRANKGECKER LLP


                                                      By:        */s/ Zane L. Zielinski*
                                                                   One of its attorneys

Zane L. Zielinski (IL ARDC #6278776)
FRANKGECKER LLP
325 North LaSalle Street, Suite 625
Chicago, IL 60654
(312) 276-1400
(312) 276-0035 (fax)

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| In re: | ) | No. 10-23040 |
| | ) | |
| JAMES P. LEFLORE and | ) | Chapter 7 |
| LATOYA T. LEFLORE, | ) | |
| | ) | Honorable A. Benjamin Goldgar |
| Debtors. | ) | |

**FIRST AND FINAL FEE APPLICATION OF FRANKGECKER LLP
AS COUNSEL TO FRANCES GECKER, CHAPTER 7 TRUSTEE OF THE
BANKRUPTCY ESTATE OF JAMES P. LEFLORE AND LATOYA T. LEFLORE
FOR COMPENSATION AND REIMBURSEMENT OF EXPENSES**

FrankGecker LLP, counsel to Frances Gecker, the Chapter 7 Trustee (the "Trustee"), of the estate of JAMES P. LEFLORE and LATOYA T. LEFLORE, (the "Debtors"), hereby submits this first and final fee application (the "Application") pursuant to 11 U.S.C. §§330, 331 and 507(a)(1) for legal services performed and expenses incurred during the period of July 27, 2010 through October 31, 2013 (the "Application Period"), as counsel to the Trustee. In support of the Application, FrankGecker LLP respectfully represents as follows:

## INTRODUCTION

1. On May 20, 2010, the Debtors filed a voluntary petition for relief under Chapter 7 of Title 11 of the Bankruptcy Code in the United States Bankruptcy Court for the Northern District of Illinois, Eastern Division (the "Case").

2. Frances Gecker is the duly appointed Trustee in the Case.

3. The Trustee chose FrankGecker LLP ("FG") as her counsel in the Case. On October 13, 2010, this Court entered an order authorizing the Trustee to retain FG and Mr. Zielinski as her counsel retroactive to July 27, 2010.

4. Counsel has received $0.00 in previously awarded compensation and reimbursement of expenses.

5. The assets of this case consisted of a personal injury claim sustained by LaToya T. LeFlore ("Debtor's P.I. Claim") in an automobile accident. The Case remained open to determine the full extent of the Debtor's medical issues. One year later, the Debtor's medical issues turned out to be less severe than originally anticipated. During that interim a medical lien was filed.

6. FG negotiated, and the Court approved, a settlement of Debtor's P.I. Claim" with American Family Mutual Insurance Company ("American Family"), whereby American Family paid a settlement of $27,600 to the estate. Due to issues with the medical lien, the Debtors voluntarily reduced their exemption to allow the Trustee to administer the estate. Typically, due to the size of the recovery, the Trustee may not have administered this estate.

7. This Application seeks allowance of all fees and expenses incurred by FG from July 27, 2010 through October 31, 2013. To aid the Court in its review of this Application, the Trustee's counsel has divided this Application into three parts. Part I describes the practical and legal issues encountered by the Trustee's counsel, and actions taken and results obtained by counsel. Part II describes the qualifications and areas of expertise of the Trustee's attorneys. Part III describes the manner in which fees and expenses were calculated by the Trustee's attorneys.

I. **SERVICES PERFORMED**

A. **Administration** $716.50

FG spent **2.00** hours at a cost of **$716.50** on issues relating to the administration of the bankruptcy case including correspondence with the Debtors' attorney requesting documentation and information on the Debtors' personal injury claim, assets and finances and Debtors' bank records.

B. **Claims** $766.50

FG spent 2.10 hours at a cost of $766.50 on issues relating to reviewing and analyzing claims filed with the Bankruptcy Court, including drafting, filing and appearing in court on Trustee's objection to Claim No. 5.

C. **Personal Injury Claim** $2,150.50

FG spent 9.20 hours at a cost of $2,150.50 on issues relating to reviewing personal injury police reports, medical liens in addition to correspondence with insurance company, Debtor's counsel and special counsel. FG negotiated a settlement with American Family, drafted Trustee's motion to approve compromise, filed same motion and appeared in court on Trustee's motion to approve compromise.

D. **Retention of Professionals/Fee Applications** $335.00

FG spent 1.30 hours at a cost of $335.00 on issues relating to drafting, filing and appearing in court on Trustee's motion to employ special counsel.

## II. ATTORNEYS PROVIDING SERVICES FOR THIS ESTATE

Zane L. Zielinski (ZLZ) is an associate at FrankGecker LLP. Mr. Zielinski is a 2002 graduate of Chicago-Kent College of Law, where he was a member of the Editorial Board of the Chicago-Kent Law Review and was elected to the Order of the Coif. Mr. Zielinski specializes in bankruptcy law and has represented trustees, debtors and creditors in bankruptcy cases.

William G. Cross (WC) was an associate at FrankGecker LLP. Mr. Cross is a 2009 graduate of Loyola University Chicago School of Law. Mr. Cross specializes in bankruptcy law and has represented trustees and creditors in bankruptcy cases.

## III. CALCULATION OF TIME AND FEES

This is the Trustee's first application for compensation and reimbursement of fees and expenses of FG. This fee application applies to fees and expenses incurred by FG from July 27, 2010 through and including October 31, 2013. All professional services for which compensation is requested herein, and all reimbursement for expenses incurred, have been for services directly related to the case and were rendered for the benefit of the Trustee and the Debtors' estate. No agreement or understanding exists between FG and any other person for the sharing of compensation received or to be received in connection with this case, other than as disclosed or authorized pursuant to 11 U.S.C. §§ 327, 328, 330 and 331. Because of the limited funds in this case, FG has written off all time with regards to motions to employ and drafting of fee applications.

As set forth in the attached exhibit, FG's attorneys and paralegal have spent a total of 14.60 hours providing necessary legal services for the Trustee. As a result, they request

compensation in the amount of $3,968.50 for actual, necessary legal services performed (Exhibit A). The average hourly rate is $271.81. In addition, FG has expended the sum of $53.94 for actual necessary expenses incurred in representing the Trustee. FG has voluntarily written off all expenses related to fax and copying charges, only charging for off-site copying charges when incurred.

In preparing this fee application, FG has calculated the amount of time spent by each attorney and paralegal in performing actual, necessary legal services for the Trustee. The data used came directly from computer printouts of data which is kept by FrankGecker LLP on each of its clients. The hourly rates charged are the regular hourly rates charged by the firm to its clients. FG worked to avoid any duplication of effort, and in instances where more than one attorney billed for a project, there was a need for multiple attorneys' involvement or the time of one of the attorneys was voluntarily written off.

To aid the Court in its review of this material, FG has prepared its time exhibits by topic as presented in the attached Exhibit A. For purposes of this Application, counsel has used four categories. Most of these categories are substantive. The time entries cover all work performed by FG regardless of whether it was office conferences, telephone conferences, research or some other type of work.

FG does not bill its clients or seek compensation in this fee application for its overhead expenses, including word processing, computer research charges, fax charges, phone charges or secretarial overtime, instead, such expenses are factored into FG's normal and customary rate.

No compensation has been promised to FG, other than as disclosed or approved by this Court. FG certifies that there is no agreement between the firm and any other party regarding the

sharing of fees except with the firm's partners, nor has the firm discussed or negotiated the amount of its fees with any party except the Trustee. Finally, FG represents that it is and remains a disinterested party and does not hold any relationship adverse to the estate.

WHEREFORE, FrankGecker LLP respectfully requests that this Court enter an Order:

A.  Allowing FrankGecker LLP compensation for actual, necessary legal services in the amount of $3,968.50;

B.  Allowing FrankGecker LLP reimbursement of actual, necessary expenses in the amount of $53.94; and

C.  Authorizing the Trustee to pay FrankGecker LLP compensation and expense reimbursement in the total amount of $4,022.44.

Dated: October 31, 2013                    Respectfully submitted,

                                           FRANCES GECKER, not individually but as
                                           Chapter 7 Trustee of the bankruptcy estate of
                                           JAMES P. LEFLORE and LATOYA T.
                                           LEFLORE,


                                           By:___/s/____Zane L. Zielinski_____
                                                    One of her attorneys

Zane L. Zielinski (IL ARDC #6278776)
**FrankGecker LLP**
325 N. LaSalle Street, Suite 625
Chicago, Illinois 60654
Tel.: (312) 276-1400
Fax: (312) 276-0035